***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted February 7, affirmed October 12, 2022

Jill MILLER,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
acting by and through
Oregon Racing Commission;
Jack McGrail; and Chris Dudley,
*Defendants-Respondents,*

*and*

John McSWAIN
and Oregon Racing, Inc.,
dba Portland Meadows,
*Defendants.*

Multnomah County Circuit Court
15CV00652; A173441

Thomas M. Ryan, Judge.

William J. Macke argued the cause and filed the briefs for appellant.

Christopher Page, Assistant Attorney General, argued the cause for respondents. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Kamins, Judge.*

KAMINS, J.

Affirmed.

_____
 * Kamins, J., *vice* Armstrong, S. J.

**KAMINS, J.**

Plaintiff was fired from her employment for misconduct after 24 years with the Oregon Racing Commission (ORC). She challenged her dismissal before the Employment Relations Board (ERB), asserting that her position had been incorrectly designated by the state as "unclassified" and that, therefore, she was mistakenly treated as an "at will" employee who could be discharged without pretermination procedures rather than as a managerial employee who was entitled to procedural protections that she did not receive before termination. ERB dismissed her petition as untimely, and plaintiff did not seek judicial review of that order.

Plaintiff then brought this current action against ORC and the individual employees who had made the decisions to terminate her employment for misconduct, alleging a single claim under 42 USC section 1983,[1] and seeking damages for back pay, reinstatement of her position, and attorney fees. Plaintiff's current complaint[2] alleges that, at all relevant times, the individual defendants were acting in their official capacities, that plaintiff had been employed for 24 years, that she had a protected property interest in her employment, and that her termination deprived her of that protected property interest "without giving her due process contrary to the 14th Amendment of the Constitution and 42 USC [section] 1983."

ORC and the individual defendants asserted two motions to dismiss. For their first motion, defendants contended

---

[1] 42 USC section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[2] Plaintiff's original complaint had been dismissed without leave to amend, a ruling we reversed on appeal. *Miller v. Racing Commission*, 298 Or App 70, 445 P3d 371 (2019).

that the claim should be dismissed under ORCP 21 A(8),[3] for failure to state a claim, for the reasons that: (1) plaintiff's complaint did not state a claim against ORC, a state agency, because the state is not a "person" subject to liability under section 1983, *see Will v. Michigan Dept. of State Police*, 491 US 58, 71, 105 L Ed 2d 45, 109 S Ct 2304 (1989) (Section 1983 actions do not lie against a state.); (2) plaintiff's complaint did not state a claim against the individual defendants, because state officials cannot be sued in their official capacities for damages under section 1983, *Arizonans for Official English v. Arizona*, 520 US 43, 69 n 24, 117 S Ct 1055, 137 L Ed 2d 170 (1997); and (3) plaintiff's complaint did not allege ultimate facts from which it could be found that she had a protected property interest in her job.[4]

For their second motion, defendants asserted that the claim should be dismissed under ORCP 21 A(1), because only ERB, rather than the trial court, had "primary subject matter jurisdiction" to determine whether plaintiff's position at the time of her termination should have been correctly classified as "managerial" rather than as "unclassified," so as to establish the predicate protected "property interest" that would be necessary to assert a claim under section 1983.

Finally, in a third motion, defendants moved to dismiss plaintiff's request for prejudgment interest under ORCP 21 A(1).

During a hearing on the motions, the court asked whether, if the court were to decide that the complaint "did

---

[3] ORCP 21 A has been renumbered, effective January 1, 2022. We cite to the version of the rule in existence at the time the trial court issued its decision in this case.

[4] Defendants contended that the complaint alleged the legal conclusion that plaintiff had a protected property interest but did not include any allegations of fact from which it could be found that plaintiff's continuing employment in her position constituted a protected property interest:

"Plaintiff's Second Amended Complaint alleges in a conclusory fashion that 'Ms. Miller had a property interest in her employment.' *** The only 'fact' alleged in the Complaint with regard to such conclusory allegation is that 'Ms. Miller worked for the ORC for over 24 years.' *** Plaintiff has failed to allege facts to reflect a property interest in continued employment."

not adequately state a claim of property interest," it would still need to address the issue relating to ERB. Plaintiff's counsel responded:

> "If it doesn't state the property interest, if it's deficient in reaching that ultimate pleading of fact, then I think I have to plead it unless it would be futile."

The court then confirmed with plaintiff's counsel that plaintiff was not opposing defendants' motion to dismiss the claims against the individual defendants in their official capacities or the motion to dismiss the allegation requesting prejudgment interest.

From the bench, the court granted defendants' motions to dismiss on all of the remaining grounds:

> "I'm granting the other motions of the State as well, that the Complaint fails to adequately state a claim of property interest, that the State of Oregon is not a person for purposes of section 1983, and that the court lacks primary jurisdiction over the subject matter. The court does not have primary jurisdiction over the issues raised by the plaintiff. The ERB does."

The court confirmed its oral rulings in a written order and entered judgment for defendants.

On appeal, plaintiff raises two assignments of error, both of which address only the trial court's ruling under ORCP 21 A(1), relating to ERB's "primary subject matter jurisdiction." Plaintiff does not assign error to the trial court's rulings dismissing the claim under ORCP 21 A(8), or even make any argument addressing those rulings. Assignments of error challenge rulings. ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."). Plaintiff's assignment of error challenged only the trial court's ruling on the motion to dismiss under ORCP 21 A(1). In the absence of an assignment of error on the trial court's rulings under ORCP 21 A(8), those rulings are not before us. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]").

Even if we were to reverse the ruling under ORCP 21 A(1), in the absence of an assignment of error, the rulings under ORCP 21 A(8) would still stand. In light of plaintiff's not assigning error to the trial court's rulings on those independently sufficient bases for dismissal, we reject plaintiff's assignments of error without further discussion. *Jensen v. Medley*, 336 Or 222, 239-40, 82 P3d 149 (2003) (although trial court's jury instruction relating to one of the plaintiff's theories of liability was erroneous, reviewing court nevertheless affirmed the jury's verdict because there was another basis for it that the defendant did not challenge on appeal); *State v. Stoudamire*, 198 Or App 399, 403, 108 P3d 615 (2005) ("It is axiomatic that, when a trial court bases a decision on multiple grounds, an appellant may prevail on appeal only after demonstrating that all of the bases for the court's decision were erroneous."); *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 236, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005) ("[W]here plaintiffs fail to challenge the alternative basis of the trial court's ruling, we must affirm it.").

Affirmed.